## Victor Séré *v.* J. E. Faurès.

*The decision in the case of Parlange v Faurès, 14 An. 444, affirmed, to the effect that when a broker or agent sells a note with forged endorsements on it, without disclosing the fact of his agency or the name of his principal, he is responsible for the amount, with legal interest, which was paid for the note.*

APPEAL from the Fourth District Court of New Orleans, *Price,* J.
*A. & A. Pitot,* for plaintiff. *Janin & Griffon,* for defendant and appellant.
*G. LeGardeur,* for warrantor.

LAND, J. A promissory note signed by *H. A. Lee,* for the sum of twenty-three hundred dollars, and payable nine months after date, to the order of *Minor Kenner,* and purporting to be endorsed by the payee and *J. C. P. Wederstrandt,* was sold to the plaintiff by the defendant, a professional stock and note broker of this city, without disclosing the name of his principal.

Before the maturity of the note, *Lee,* the maker, absconded, and the endorsements were discovered to be forgeries. The plaintiff offered to return the note to the defendant, on the discovery of the forgery, and demanded from him the amount of the check given for the price.

The note was received by the defendant from *J. F. Clay,* another broker, upon an agreement to divide the commission for selling it between them. The proceeds of the sale were paid over by the defendant to *J. F. Clay,* less one-half of the commission for selling the note.

The defendant was aware that *Clay* was acting in the capacity of broker, but did not know for whom *Clay* was acting.

The judgment of the lower court is in favor of the plaintiff for the sum of $2,088 40, the price paid for the note, with legal interest from judicial demand; and the judgment is also in favor of the defendant over against *J. F. Clay,* called in warranty, for the sum of $1,044 20, with like interest from judicial demand, the same being one-half of the price paid for the note.

The facts of this case, as between the plaintiff and defendant, are similar to those in the case *Parlange* v. *Faurès,* reported in 14 An., and the judgment between these parties, for the reasons stated in the opinion of the court in that case, is affirmed. But the judgment as between the defendant and the warrantor, *J. F. Clay,* is erroneous and must be reversed.

The legal effect of the judgment in favor of the plaintiff, was to rescind the sale of the promissory note made by the defendant to him. And the legal effect

of the rescission of the sale, was to entitle the defendant and warrantor to be reinstated in the position which they occupied, under the contract between them, prior to the sale, with all the rights and remedies incident to that position.

Before the sale, the warrantor had no right of action against the defendant, for the recovery of the amount of the note, nor any part of the same ; but his right was limited to a return of the note itself, which was held by the defendant as his agent or mandatary. And as the sale was rescinded, this is the only right which the warrantor can claim and enforce against the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment as between the plaintiff and defendant be affirmed, with costs. And it is further ordered, adjudged and decreed, that the judgment as between the defendant and warrantor, be avoided and reversed. And it is now ordered, adjudged and decreed, that the defendant recover over and against the warrantor, the sum of two thousand and eighty-eight dollars and forty cents, with legal interest thereon from judicial demand, less the sum of $11 50, amount of commissions for selling the note, with costs in both courts, reserving the right of the warrantor to the note itself.